# IN THE COURT OF APPEALS OF IOWA

No. 20-1698
Filed March 2, 2022


**ZACHARY SZUMINSKI,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____


Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.


The applicant appeals the denial of his postconviction-relief application.

**AFFIRMED**.


Peter Ickes of Stowers & Sarcone PLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.


Considered by May, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**AHLERS, Judge.**

Zach Szuminski was charged with sexual abuse in the third degree by force or against the will of the other person. *See* Iowa Code § 709.4(1)(a) (2015). This offense is a class "C" felony punishable by up to ten years in prison. *See* Iowa Code §§ 709.4(2), 902.9(1)(d). Because it is a forcible felony, *see* Iowa Code § 702.11(1), if Szuminski was convicted of the offense, he would not be eligible for a deferred judgment, deferred sentence, or suspended sentence, meaning he would be required to be sent to prison on a ten-year sentence. *See id.* § 907.3. He would also have faced lifetime sex-offender-registration requirements. *See id.* §§ 692A.101(1)(a)(3) (defining sexual abuse in the third degree in violation of section 709.4(1)(a) as an "aggravated offense"), .106(5) (requiring lifetime sex offender registration for a person convicted of an "aggravated offense").

Szuminski initially pleaded not guilty. On the Friday of the week before his jury trial was scheduled to begin, he accepted a plea deal. The plea agreement, which was put in writing, called for Szuminski to plead guilty to an added charge of assault with intent to commit sexual abuse resulting in no injury, an aggravated misdemeanor in violation of Iowa Code section 709.11(3). In return, the State agreed to dismiss the sexual-abuse-in-the-third-degree charge.[1] The written plea agreement included a provision detailing the necessity that Szuminski register as a sex offender, but it was silent as to the duration of the registration requirement.

---

[1] The plea deal also included Szuminski pleading guilty to a pending operating while intoxicated charge against Szuminski in an unrelated case. This appeal does not concern that case.

Consistent with the terms of the plea agreement, Szuminski pleaded guilty to assault with intent to commit sexual abuse resulting in no injury, and the sexual-abuse-in-the-third-degree charge was dismissed. Szuminski received the agreed-upon sentence, which included an indeterminate term of incarceration not to exceed two years, with the sentence suspended. He was also ordered to comply with sex-offender-registration requirements.

A few months after he was sentenced, Szuminski received notice that he was required to register as a sex offender for life. Szuminski filed an application for postconviction relief (PCR). He asserted that he received ineffective assistance from his trial counsel. He claims his trial counsel misinformed him that he would be required to register as a sex offender for ten years and, had he known he was facing a lifetime registration requirement,[2] he would not have pleaded guilty and would have taken the case to trial on the original charge. He requests that his guilty plea and conviction be set aside and he be permitted to proceed with a jury trial on the original charge. The district court denied his application, and he appeals.

I.      **Standard of Review**

Denial of a PCR application is generally reviewed for errors at law. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). "However, a PCR application alleging ineffective assistance of counsel raises a constitutional claim,

---

[2] Like the original sexual-abuse-in-the-third-degree charge, the assault-with-intent-to-commit-sexual-abuse charge to which Szuminski pleaded guilty is defined as an "aggravated offense," which carries a lifetime registration requirement. *See* Iowa Code §§ 692A.101(1)(a)(5) (defining the offense as an "aggravated offense"), .106(5) (setting a lifetime registration requirement for convictions for an "aggravated offense").

and '[w]e review postconviction proceedings that raise constitutional infirmities de novo.'" *Id.* (alteration in original) (quoting *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018)). With de novo review, we are not bound by the district court's findings, but we give them weight concerning witness credibility. *Id.*

## II. Statement of the Issues and Applicable Legal Standards

Szuminski claims he was prejudiced by his attorney misinforming him as to the duration of his sex-offender-registration requirements because he would have insisted on going to a jury trial if he had known his plea deal came with a lifetime-sex-offender-registration requirement. The State insists that, in light of the charge he was facing, he cannot satisfactorily prove prejudice.

To establish his claim of ineffective assistance of counsel, Szuminski is required to prove (1) his plea counsel breached an essential duty and (2) he was prejudiced as a result. *See id.* As to the first prong, we presume counsel performed competently, and we measure performance against that of a reasonably competent attorney. *State v. Warren*, 955 N.W.2d 848, 858 (Iowa 2021). The second prong requires proof of a reasonable probability that, but for counsel's unacceptably poor performance, the result of the proceeding would have been different. *Id.* at 859. In the context of a guilty plea, proving prejudice requires the applicant to show that, but for counsel's errors, the applicant "would not have pleaded guilty and would have insisted on going to trial." *Sothman*, 967 N.W.2d at 523 (quoting *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021)). Proof of both prongs is required for a successful ineffective-assistance-of-counsel claim, and failure to prove either prong is fatal to the claim. *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019).

### III.     Analysis

As to the first prong, the State concedes that counsel fell below the professional standard by providing incorrect legal advice to Szuminski.  It is undisputed that plea counsel informed Szuminski that he would be required to register for ten years when, in fact, the lesser charge to which Szuminski pleaded guilty carried a lifetime registration requirement.  The district court correctly determined that Szuminski satisfied the first prong.

In support of his effort to prove the second prong, Szuminski testified that he would not have accepted the plea deal if he had known it came with a lifetime registration requirement.  He insisted that avoiding a lifetime registration requirement was his primary consideration in the plea negotiations.  The district court did not believe Szuminski's testimony.  We give this credibility determination considerable weight, even on our de novo review.  *See Sothman*, 967 N.W.2d at 522.

Following our de novo review, we also find Szuminski's claim lacking in credibility.  He was facing a felony charge that carried a mandatory ten-year prison sentence and lifetime registration requirements.  The plea deal got him down to a misdemeanor offense with a guarantee that he would not be incarcerated at the time of sentencing.[3]  We find it unlikely that, in light of the relief from the risk of a

---

[3] Szuminski's guilty plea included a joint recommendation for an indeterminate term of incarceration not to exceed two years that was to be suspended.  The plea was conditioned on the district court's agreement to impose the agreed-upon sentence pursuant to Iowa Rule of Criminal Procedure 2.10(2).  If the court accepted the plea with that condition, the court was obligated to impose the agreed-upon sentence or Szuminski would have been permitted to withdraw his guilty plea.  *See* Iowa R. Crim. P. 2.10(2)–(4).  As a result, Szuminski was

felony conviction and a guaranteed ten-year prison sentence, the registration requirements were Szuminski's primary motivating factor as he now claims. His claim is supported only by his self-serving testimony. His trial counsel, who was remarkably candid about his mistake in misadvising Szuminski about the duration of the registration requirement on the lesser charge, did not back up Szuminski's claim that avoiding lifetime registration requirements was Szuminski's primary concern. Based on our review, we agree with the district court that Szuminski did not meet his burden of showing a reasonable probability that but for counsel's error he would have rejected the plea offer and proceeded to trial.

Although the fact-intensive nature of these types of cases makes precedent of limited value, we find it worth noting that the facts here are strikingly similar to those in *Buckley v. State*, No. 18-0278, 2018 WL 5839882 (Iowa Ct. App. Nov. 7, 2018). Just like Szuminski, Buckley was facing a class "C" felony charge of sexual abuse in the third degree. *See Buckley*, 2018 WL 5839882, at *1. Also like Szuminski, Buckley accepted a plea deal and pleaded guilty to assault with intent to commit sexual abuse as an aggravated misdemeanor. *See id.* Buckley later sought PCR, claiming he received ineffective assistance of counsel because he had been misinformed about the duration of his sex-offender-registration requirement. *Id.* Our court found that Buckley was misinformed about the duration of the registration requirements and that his attorney breached an essential duty as a result. *Id.* at *3. However, our court also affirmed the district court's determination that Buckley's claim he would have insisted on going to trial had he

---

guaranteed not to be sent to prison at the time of sentencing or to be able to withdraw his guilty plea and proceed to trial.

been correctly informed of the duration of the registration requirement was "disingenuous at best" and that Buckley failed to establish prejudice. *Id.* Like our court in *Buckley*, we affirm the district court's determination that Szuminski's claim he would have gone to trial instead of pleading guilty to a lesser charge if he had been correctly informed of the duration of the registration requirements lacked credibility, and he failed to establish the prejudice prong of his ineffective-assistance-of-counsel claim. Accordingly, we affirm the denial of Szuminski's application for PCR.

**AFFIRMED.**